STINSON LLP
TODD A. NOTEBOOM, Pro Hac Vice
todd.noteboom@stinson.com
50 South Sixth Street, Ste. 2600
Minneapolis, MN 55402
Telephone:   612.335.1894
Facsimile:    612.335.1657

JEREMY ROOT, Pro Hac Vice
jeremy.root@stinson.com
230 W. McCarty Street
Jefferson City, MO 65101
Telephone:   573.556.3609
Facsimile:    573.556.3635

GIBSON, DUNN & CRUTCHER LLP
KRISTIN A. LINSLEY, SBN 154148
klinsley@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:   415.393.8395
Facsimile:    415.374.8471

DEBORAH L. STEIN, SBN 224570
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7164
Facsimile:    213.229.6164

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
FRANK FALZETTA, SBN 125146
ffalzetta@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:    213.620.1398

JEFFREY S. CROWE, SBN 216055
jcrowe@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:    714.513.5130

Attorneys for Defendant
STATE FARM LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH A. BALLY, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 3:18-CV-04954-CRB<br><br>Assigned to the Hon. Charles R. Breyer<br><br>**CLASS ACTION**<br><br>**DEFENDANT STATE FARM'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OVERLENGTH MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Trial Date: May 3, 2021 |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7-11, Defendant State Farm Life Insurance Company ("State Farm") hereby moves the Court for an order extending by 15 pages the permitted length of State Farm's Opposition to Plaintiff's motion for summary judgment, which is due this coming Friday, January 8, 2021.  Plaintiff's motion seeks to determine classwide liability for all claims alleged in this case, and also seeks summary adjudication of multiple elements of damages supporting a claimed astronomical classwide award.  The motion employs various attempted shortcuts to liability and damages, but there are multiple obstacles to resolving such issues by way of a classwide summary judgment ruling, State Farm requires additional pages in order to present fully to the Court the many reasons why summary judgment must be denied.

<u>This motion is ready for immediate decision</u>.  Counsel for State Farm advised Plaintiff's counsel of State Farm's intent to seek additional pages and offered to stipulate to an equal additional 15 pages for Plaintiff's Reply.  Plaintiff responded: "Plaintiff does not believe a page enlargement is necessary or appropriate given the issues presented by the motion, but take no position on State Farm's specific request.  If State Farm's motion is granted, Plaintiff respectfully requests an additional 15 pages for its reply brief as proposed by State Farm." Noteboom Decl. ¶ 5.

This motion is based on this Notice, the following points and authorities, the concurrently filed Declaration of Todd Noteboom, all pleadings and documents on file in this action, and any other matter the Court may properly consider.  This motion also is accompanied by a concurrently filed Proposed Order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Elizabeth Bally filed suit on behalf of herself and a class of similarly situated California customers who purchased a Form 94030 universal life insurance policy from State Farm.  On October 26, 2020, Plaintiff moved for summary judgment. *See* Dkt. 142.  Although styled as a "partial" motion for summary judgment, Plaintiff seeks a classwide determination of liability on all claims, *and* a determination of a classwide damages award in an amount that she stated in her motion would be determined by an as-yet-filed expert report.  Dkt. 142.  At the same time, Plaintiff cites and relies on prior reports by the same expert in prior proceedings in this action, and in the separate

action, *Vogt v. State Farm*, pending in the federal United States District Court in Missouri. On November 6, the Court granted State Farm's motion to enlarge State Farm's time to respond to Plaintiff's summary judgment motion and set a hearing for January 28, 2021. *See* Dkt. 150.

On November 12, 2020, Plaintiff disclosed her actuarial expert Scott J. Witt and his report to State Farm. *See* Noteboom Decl. ¶ 4.

On January 4, 2021 State Farm conferred with Plaintiff's counsel about the possibility of stipulating to an extension of page limitations for both State Farm's Opposition and Plaintiff's Reply. *See* Noteboom Decl. ¶ 5. Plaintiff's counsel declined to consent to such a stipulation and requested that State Farm inform the Court that Plaintiff "takes no position" on State Farm's request, but she requests an equal page extension should the Court grant this motion. Noteboom Decl. ¶ 5.

## II. GOOD CAUSE EXISTS TO EXTEND THE PAGE LIMITATIONS

In her motion for summary judgment, Plaintiff seeks a dispositive, classwide ruling on liability on all her claims, specifically her breach of contract, conversion, and declaratory relief claims. *See* Dkt. 142. This includes a determination of whether State Farm can assert a statute of limitations defense to *any* class member's claims. *Id*. at 9. Plaintiff also seeks a ruling that the class is entitled to an astronomical damages award "in the specific amount determined by Mr. Witt's methodology." *Id.* at fn. 1.

Plaintiff's summary judgment motion tries to resort to various shortcuts to a classwide ruling on liability and damages. On the issue of contract interpretation underlying all of the claims, the motion argues that this Court already ruled "as a matter of law" in favor of the class when it denied State Farm's earlier summary judgment motion—even though the class had not even been certified at that time. And she says that most aspects of the class's damages case—including multiple factual assertions that are contrary to fact and to the overwhelming record evidence—are established as a matter of collateral estoppel by the jury's general verdict in an earlier Missouri-only class action decided under Missouri law. And Plaintiff tries to use this Court's prior rulings on summary judgment and at the class certification stage to argue that not a single member of the class was on "inquiry notice" of their claims, even though two decades have passed since the policy was sold, no evidence has been put forward on this point by Plaintiff or any class member, and the burden is

squarely on them to make such a showing in order to avoid the statute of limitations bar. But there are multiple reasons why these shortcuts are improper and cannot satisfy Plaintiff's burden on summary judgment to show that there is no triable issue of material fact and that she and the class are entitled to judgment as a matter of law. State Farm seeks additional pages for its Opposition because it needs to ensure that the Court has briefing on all of these reasons, and many others, as to why Plaintiff's summary judgment must be denied.

Among many other issues, Ninth Circuit law and this District's local rules both make clear that the Court's prior ruling on State Farm's summary judgment motion is not in any way determinative of Plaintiff's present motion, and that statements in the Court's order do not constitute issues "deemed established" for purposes of trial. And certainly the Court's prior ruling cannot bind the class, given that the class was not even certified at the time the ruling was issued. More fundamentally, before the Court can make *any* ruling "as a matter of law" in favor of Plaintiff or the class on the contract issues underlying all of Plaintiff's claims, California law requires consideration of any relevant extrinsic evidence (1) to determine whether the at-issue contractual language is subject to two or more reasonable interpretations; and (2) if so, whether the ambiguity can be resolved. *See, e.g.*, *Tessera, Inc. v. UTAC (Taiwan) Corp.*, 2016 WL 8729937, at *5-6 (N.D. Cal. Jan. 15, 2016); *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., Inc.*, 69 Cal. 2d 33, 34 (1968). In its Opposition, State Farm will present to the Court its arguments concerning the contractual language of the Policy, as well as extrinsic evidence bearing upon contract interpretation, State Farm's processes for assigning rates to individual customers and for developing its underlying rate structure, the insurance regulatory scheme underlying these processes, and relevant practice in the industry—all of which will demonstrate why summary judgment on this issue is inappropriate. State Farm also will present multiple reasons why the proceedings in the *Vogt* verdict do not preclude State Farm from presenting evidence on factual points that Plaintiff incorrectly asserts were decided as part of the jury's general verdict in that case, including relevant principles of Missouri prior adjudication law. And State Farm will also rebut Plaintiff's simplistic and flawed showing on the statute of limitations, as well as multiple other flaws in the class's claims, including the conversion claim. Put simply, there are not only strong reasons why summary judgment must be denied, but

there are many such reasons, and State Farm needs additional pages in order to present those reasons in a way that will be of assistance to the Court.

Plaintiffs will not be prejudiced if the Court permits additional pages for State Farm's opposition. As State Farm's counsel explained to Plaintiff's counsel, State Farm has no objection to Plaintiff receiving a similar page extension for her Reply if the Court deems it is appropriate. Although Plaintiff declined to agree to a stipulation, she has requested that the Court be informed that she "takes no position" on State Farm's request and instead merely seeks a similar page extension for her Reply if this Court grants State Farm's request. Accordingly, this motion is ready for immediate determination, which will greatly aid State Farm in finalizing its Opposition brief due on January 8, 2021.

### III. CONCLUSION

For the foregoing reasons, this Court should grant State Farm's motion for leave to file an Opposition of up to 40 pages in length.

DATED: January 4, 2021                GIBSON, DUNN & CRUTCHER LLP


By:  _____/s/ *Kristin A. Linsley*_____

*Attorney for Defendant State Farm Life Insurance Company*