| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>KRISTIN A. LINSLEY, SBN 154148<br>klinsley@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Telephone: 415.393.8395<br>Facsimile: 415.374.8471 | STINSON LLP<br>TODD A. NOTEBOOM, Pro Hac Vice<br>todd.noteboom@stinson.com<br>50 South Sixth Street, Ste. 2600<br>Minneapolis, MN 55402<br>Telephone: 612.335.1894<br>Facsimile: 612.335.1657 |
| DEBORAH L. STEIN, SBN 224570<br>dstein@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7164<br>Facsimile: 213.229.6164 | JEREMY ROOT, Pro Hac Vice<br>jeremy.root@stinson.com<br>230 W. McCarty Street<br>Jefferson City, MO 65101<br>Telephone: 573.556.3609<br>Facsimile: 573.556.3635 |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>FRANK FALZETTA, SBN 125146<br>ffalzetta@sheppardmullin.com<br>333 South Hope Street, 43rd Floor<br>Los Angeles, California 90071<br>Telephone: 213.620.1780<br>Facsimile: 213.620.1398 | Attorneys for Defendant<br>STATE FARM LIFE INSURANCE<br>COMPANY |
| JEFFREY S. CROWE, SBN 216055<br>jcrowe@sheppardmullin.com<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626<br>Telephone: 714.513.5100<br>Facsimile: 714.513.5130 | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH A. BALLY, Individually and On Behalf Of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>        v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 3:18-CV-04954-CRB<br><br>**DECLARATION OF AMY PRESTEGAARD** |

# DECLARATION OF AMY PRESTEGAARD

I, Amy Prestegaard, have personal knowledge of the information below and declare as follows:

1. I am currently a Life/Health New Business and Service Director for State Farm Mutual Automobile Insurance Company, with a primary focus on life/health underwriting. In this role, I have responsibilities for underwriting philosophy and guidelines, underwriting manuals, and underwriting quality. I first joined State Farm in March 1998 as a life insurance underwriter, and have worked for nearly 23 years as an underwriter, underwriting supervisor, underwriting analyst, Life/Health Underwriting Manager, and Life/Health Underwriting Director. During my career, I have earned several professional designations. I am a Fellow of the Academy of Life Underwriting (FALU), a Chartered Life Underwriter (CLU), and a Fellow of the Life Management Institute (FLMI). In addition, I have been involved in two leading industry groups, the Association of Home Office Underwriters (AHOU) and the American Council of Life Insurers (ACLI). From 2015 to 2020, I served on the AHOU Executive Council, and I served a term as AHOU President from 2018 to 2019. I have been involved with the ACLI Risk Classification Committee as a voting member from 2017 to 2020, and as an interested party in 2021.

2. I understand that this lawsuit involves claims against State Farm relating to Universal Life Insurance plan issued on Form 94030 ("the Policy" or "Universal Life")—a product that State Farm offered from 1994 to 2004. I have experience underwriting what I estimate to be thousands of Universal Life policies during the period from 1994 to 2004.

3. I understand that the current litigation involves a provision in the Universal Life Policy that states that an Insured's cost of insurance rate is "based on the insured's age at the policy anniversary, sex, and applicable rate class." I understand this language to refer to the process by which a rate is assigned to an individual insured, not the process by which State Farm develops its underlying rate schedule for cost of insurance charges. Consistent with this language, and during the relevant time period, each Insured's monthly cost of insurance rate would be based on the three listed factors—that Insured's age at each anniversary of the Insured's purchase of the policy, the Insured's sex, and the Insured's rate class as determined through the underwriting process. A critical driver of rate class is

the distinction between adult Insureds who use tobacco and those who do not. All adult insureds are divided into Tobacco or Non-Tobacco rate classes, and then may be assigned other rate class distinctions depending on other health characteristics discussed below.

4. Although my specialty is underwriting, I have a general understanding of the role of State Farm independent contractor agents in the application process. At all relevant times, the application process generally preceded the involvement of underwriting, and I and those underwriting employees who I supervised interacted with State Farm agents and State Farm customers during the application and underwriting process for Universal Life policies. During the relevant time, State Farm agents were responsible for the initial interface with customers when the customer was deciding whether to purchase insurance and what type and amount of insurance they might choose to purchase. An agent typically would discuss with each customer that customer's insurance needs, finances, and objectives and provide information to customers about their options so that the customer could choose whether to purchase a life insurance product from State Farm.

5. During the relevant time, when a customer expressed interest in applying for a Universal Life policy, State Farm agents would gather initial information about the customer's age, sex, and likely rate class. As discussed in more detail below, State Farm at all relevant times used the customer's individual age at the policy anniversary, sex, and applicable rate class to assign each customer's cost of insurance rate from State Farm's rate tables for this Policy.

6. After collecting initial information about the customer's age, sex, tobacco use, and other health characteristics bearing on the customer's likely rate class, the State Farm agent would prepare an illustration of ways in which the product might perform for that customer over the customer's lifetime and upon his or her death, depending on the customer's choices about how much premium to pay and other inputs. The State Farm agent would typically determine and share with the customer what likely rate class would be used for that customer in selecting his or her cost of insurance rate from the rate tables. The State Farm agent would do so using preliminary information provided by the customer bearing on likely rate class, together with that customer's age and sex, from which information the State Farm agent could determine what that customer's monthly cost of insurance rate would likely be using the rate tables for this Policy developed and provided to the agents by State Farm.

During much of the relevant period, the sales process would have typically involved a physical rate book with tables identifying pre-determined cost of insurance rates based on the age, sex, and rate class. State Farm also developed an electronic system to produce illustrations that use the applicable rate class. If the customer was satisfied with the illustrated information and projected cost of insurance rate and wanted to purchase the policy, the customer would complete an application and then proceed to the underwriting process. Again, this process was followed throughout the relevant time frame.

7. At all relevant times, the primary function of the underwriting process for life insurance was to determine whether State Farm would issue a policy as applied for, make a counter-offer to provide insurance at a different applicable rate class underwriting determined was appropriate, or to decline the application. Underwriters considered a variety of individualized factors and information unique to each customer in determining insurability and assigning a rate class for Universal Life Policies. This consideration included, but was not limited to, whether the customer used tobacco and other information bearing on the customer's health and health history, and other factors. Between 1994 and 2004, customers also frequently underwent a medical examination that would include vitals, blood and urine testing, and other medical tests, such as chest X-rays or electrocardiograms when required, based on coverage amounts applied for.

8. After confirming the information provided by a customer and reviewing the results of any medical examination and other information gathered through underwriting process, State Farm's underwriting department would make a determination about the customer's insurability and also assign a rate class for that Insured. Again, the rate class for an adult Insured would reflect Tobacco or Non-Tobacco, as well as either a standard rate class, or a substandard rate class that might be applicable to a customer. If the additional information or considerations resulted in a different applicable rate class from the one quoted by the State Farm agent and applied for by the customer, the State Farm agent would be notified of the underwriting decision to determine the customer's willingness to purchase the life insurance product with the adjusted applicable rate class.

9. At all relevant times, once the underwriting department assigned a final rate class, State Farm would determine the customer's cost of insurance rate using the same rate table information referenced above—that is, State Farm's pre-existing cost of insurance rate tables for this product.

1  Those tables set out the company's cost of insurance rates in groupings organized by age, sex, and rate
2  class, so once the customer's rate class was established through the underwriting process, the cost of
3  insurance rate could be readily determined based on the customer's rate class, the customer's sex, and
4  the customer's age at each policy anniversary.

5   10. During the relevant time period, customers sometimes had discussions with
6  underwriters and their State Farm agent to inquire about the underwriting process for assigning an
7  applicable rate class. I have had discussions with State Farm universal life customers about this. For
8  instance, customers would ask what factors are considered by State Farm underwriting when assigning
9  a rate class. When that happens, I and my colleagues would inform customers that an insured's rate
10  class is based on their health, health history, and other factors, as well as their age and sex. State Farm
11  establishes these Insured-specific criteria in order to focus the underwriting process on standardized
12  criteria for determining a customer's applicable rate class. The Insured's age, sex, and applicable rate
13  class are the insured-specific factors used in assigning cost of insurance rates. State Farm applies those
14  to the companies' underlying cost of insurance rate structure and rate tables to determine the rate for
15  each customer.

16   11. The underwriting department generally became or becomes involved when a customer
17  wanted to increase his or her coverage under an existing Universal Life policy. If a customer has
18  purchased a guaranteed insurability option rider that allowed them to increase the death benefit at
19  certain intervals without additional underwriting, there would be no substantive underwriting review.
20  Apart from this exception where a customer was not required to undergo additional underwriting,
21  underwriting would be required for each increase in coverage under a Policy. The process for
22  determining a rate class applicable to the additional coverage was generally the same as the process
23  outlined above.

24   I declare under penalty of perjury under the laws of the United States of America that the
25  foregoing is true and correct. Executed on this 8th day of January, 2021, in Waynesville, Illinois.

*[Signature: Amy Prestegaard]*
Amy Prestegaard

Type text here

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5.1(i)(3), I hereby attest that Amy Prestegaard, on whose behalf this filing is submitted, concurs in the document's contents and has authorized its filing.

*Dated*: January 8, 2021

KRISTIN A. LINSLEY
DEBORAH L. STEIN
GIBSON, DUNN & CRUTCHER LLP


By:   */s/ Kristin A. Linsley*
           KRISTIN A. LINSLEY

Attorneys for Defendant STATE FARM LIFE INSURANCE COMPANY
