STINSON LLP
TODD A. NOTEBOOM, Pro Hac Vice
todd.noteboom@stinson.com
50 South Sixth Street, Ste. 2600
Minneapolis, MN 55402
Telephone:   612.335.1894
Facsimile:   612.335.1657

JEREMY ROOT, Pro Hac Vice
jeremy.root@stinson.com
230 W. McCarty Street
Jefferson City, MO 65101
Telephone:   573.556.3609
Facsimile:   573.556.3635

GIBSON, DUNN & CRUTCHER LLP
KRISTIN A. LINSLEY, SBN 154148
klinsley@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:   415.393.8395
Facsimile:   415.374.8471

DEBORAH L. STEIN, SBN 224570
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7164
Facsimile:   213.229.6164

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
FRANK FALZETTA, SBN 125146
ffalzetta@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:   213.620.1398

JEFFREY S. CROWE, SBN 216055
jcrowe@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant
STATE FARM LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH A. BALLY, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 3:18-CV-04954-CRB<br><br>Assigned to the Hon. Charles R. Breyer<br><br>**CLASS ACTION**<br><br>**NOTICE OF ERRATA**<br><br>Trial Date: May 3, 2021 |

Defendant submits this Notice of Errata in connection with its Opposition to Plaintiff's Motion for Partial Summary Judgment, Dkt. 159, filed on January 8, 2021, to correct formatting issues with the filed Opposition.

First, as filed on January 8, 2021, Defendant's Opposition inadvertently included placeholders for a Certificate of Service and Certificate of Compliance at the end of the document, neither of which is required by the relevant rules.  The copy of the corrected Opposition does not include these two pages and will be filed as a separate entry on the docket.

Second, the corrected copy of the Opposition also includes a conformed signature that was not included in the version filed on January 8, 2021.  Although, as per Civil Local Rule 5.1, "all documents submitted under the attorney's login and password are automatically considered signed by the attorney,"[1]  Defendant submits this conformed signature out of an abundance of caution.

Third, the corrected copy of the Opposition makes the following typographical changes:

| Page:Line | Current Text | Corrected Text |
| --- | --- | --- |
| 1:8 | under Missouri law ("**Vogt**").  But these attempted shortcuts do not come close to satisfying Plaintiff's heavy burden under Rule 56(a) to establish she is entitled to judgment as a matter of law—much less on a classwide basis.  At each turn, the motion ignores applicable law, tries to twist and expand this Court's prior rulings and **Vogt** into something they are not, and **fail** in the face of | under Missouri law ("***Vogt***").  But these attempted shortcuts do not come close to satisfying Plaintiff's heavy burden under Rule 56(a) to establish she is entitled to judgment as a matter of law—much less on a classwide basis.  At each turn, the motion ignores applicable law, tries to twist and expand this Court's prior rulings and ***Vogt*** into something they are not, and **fails** in the face of |
| 2:14 | not some **mortatlity** table | not some **mortality** table |
| 4:4 | the *contra* ***preferendum*** rule | the *contra* ***proferentem*** rule |

---

[1] https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/signatures-on-e-filed-documents/

| | | |
|---|---|---|
| 5:9 | summary judgment **would is** inappropriate on that issue. | summary judgment **would be** inappropriate on that issue. |
| 6:3 | beneficiaries upon Insured's death. | beneficiaries upon **the** Insured's death. |
| 7:9 | motion is that conflates these distinct processes | motion is that **it** conflates these distinct processes |
| 10:10 | State Farm **begin** selling the Policy in California | State Farm **began** selling the Policy in California |
| 13:21 | sex, and rate class | sex, and **applicable** rate class |
| 13:27 | any given policy.  ¶¶ 10–11, 25 | any given policy.  **Hendren** ¶¶ 10–11, 25 |
| 14:3 | that **it** will not charge a rate | that **State Farm** will not charge a rate |
| 15:12 | *See supra* note **1**. | *See supra* note **2**. |
| 17:24 | sex, and rate class | sex, and **applicable** rate class |
| 27:15 | long a policyholder has held the Policy**)**. | long a policyholder has held the Policy. |
| 34:14 | not induced by fraud of the existence | not induced by fraud**,** of the existence |
| 38:24 | ***Vogt*** Dkt. 403 | ***Vogt*** Dkt. 403 |
| 41:2 | **CBN** 154148 | **SBN** 154148 |

DATED:  January 9, 2021            GIBSON, DUNN & CRUTCHER LLP


By:      /s/ *Kristin A. Linsley*

*Attorney for Defendant State Farm Life Insurance Company*