Daniel C. Girard (State Bar No. 114826)
dgirard@girardsharp.com
Jordan Elias (State Bar No. 228731)
jelias@girardsharp.com
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Tel: 415-981-4800
Fax: 415-981-4846

[Additional counsel appear on signature page]

*Attorneys for Plaintiff Elizabeth A. Bally*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELIZABETH A. BALLY, Individually and On Behalf Of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>　　　Defendant. | Case No.: 3:18-cv-04954-CRB<br><br>*Assigned to the Hon. Charles R. Breyer*<br><br>**PLAINTIFF'S RESPONSE OPPOSING IN PART STATE FARM'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Charles R. Breyer |

Plaintiff Elizabeth Bally, on behalf of the certified class, respectfully opposes State Farm's motion for leave to file a second motion for summary judgment on the issues of policy interpretation and conversion because State Farm's first motion for summary judgment addressed these issues and State Farm has not shown good cause to seek summary judgment on these issues again. Plaintiff does not, however, oppose State Farm's request for leave to file a second motion for summary judgment limited to the issue of the class's entitlement to punitive damages, which has not been previously addressed. State Farm's request to file a second motion for summary judgment on policy interpretation and conversion should be denied for the following reasons:

***First***, as explained in Plaintiff's Reply in Support of Motion for Partial Summary Judgment (Dkt. 173), State Farm seeks to advance an interpretation of the Policy it already argued for in its first motion for summary judgment, and that this Court rejected in denying that motion by concluding the Policy is ambiguous and thus must be construed in favor of the insured. *Id.* at 3-11; *see also* Dkt. 77 at 14 (Order denying summary judgment). While State Farm's first motion was filed relatively early in the case, all relevant discovery had already been completed. *See* Dkt. 173 at 9 (citing Order granting class certification (Dkt. 122) at 4) (recognizing that State Farm's motion for summary judgment was filed "following discovery"). The evidence State Farm now contends supports its already-rejected interpretation is not new and could have been presented with its first motion for summary judgment. Instead, State Farm supports its interpretation with nothing more than declarations it has commissioned from additional testifying experts and its own employees and sales agents—evidence which is, in any event, cumulative with that State Farm presented with its first motion for summary judgment arguing for the same interpretation. *See id.* at 5-6.[1] Neither party has ever contended there are material facts in dispute on the pure legal question of the meaning of the Policy, and therefore, State Farm cannot show good cause for the Court to reconsider its interpretation of the Policy. *Id.* at 8.

State Farm's contention that it preserved its right to file a second summary judgment on policy interpretation by way of a footnote in its first motion (Dkt. 185 at 2) should also be rejected. In its first motion, State Farm argued that for Plaintiff's interpretation of the Policy to prevail, a policy owner must

---

[1] As explained in Plaintiff's Reply in Support of Motion for Partial Summary Judgment, State Farm's additional evidence is also irrelevant to the proper interpretation of the Policy. *See* Dkt. 173 at 14-15.

1

PLAINTIFF'S RESPONSE OPPOSING IN PART STATE FARM'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT
Case No. 3:18-cv-04954-CRB

subjectively "underst[and] that the company's actuarial pricing process only included mortality factors." Dkt. 63 at 18. It then argued that if that interpretation were to prevail, "the parties will have to undertake substantial additional discovery." *Id.* at 18 n.57. It is on this basis that State Farm claims it preserved its right to file a second summary judgment motion on the same interpretation of the Policy. Dkt. 185 at 2. But this Court did not conclude the insured's subjective understanding of the Policy required the denial of State Farm's first motion for summary judgment. Instead, it concluded the plain language of the Policy is ambiguous and therefore must be construed in favor of the insured. Dkt. 77 at 14. Further, the Court later held that policy owners' subjective understandings of the Policy are irrelevant to its proper interpretation. *See* Dkt. 122 at 15-16. Accordingly, State Farm's contention that it preserved the right to file a second summary judgment motion on an interpretation of the Policy that depends on policy owners' subjective understandings of how State Farm determined the COI rates does not support its request to file a second motion for summary judgment here.

Accordingly, the issue of policy interpretation is fully resolved, and State Farm has failed to show good cause to file another summary judgment motion on this issue. *See* General Standing Order at I(C) (limiting each party "to [the] filing [of] one summary judgment motion" unless "good cause" is shown to exceed this limit). State Farm's motion for leave to file a second motion for summary judgment on policy interpretation should thus be denied.

***Second***, while this Court requested that State Farm's motion for summary judgment address only the issue of policy interpretation (Dkt. 59 and 62), State Farm did not so limit itself, and instead moved for summary judgment on Plaintiff's conversion claim as well, contending an overcharge theory could not support a claim for conversion, an argument this Court rejected. *See* Dkt. 77 at 7. While State Farm now requests leave to move on Plaintiff's conversion claim on different grounds, contending Plaintiff cannot prove a conversion without the "immediate right of possession" of a "specific sum" (Dkt. 185 at 4), State Farm does not argue that any facts developed after the briefing on its motion for summary judgment have revealed its entitlement to summary judgment on these new grounds. It cannot make this showing because, as explained above, State Farm's first motion for summary judgment was made following discovery; State Farm had already deposed Plaintiff Bally, and all discovery obtained during the *Vogt* litigation was available for use in this case. *See* Dkt. 173 at 9; Dkt. 59.

Instead, State Farm contends that a new opinion from the California Supreme Court holds that an "immediate right of possession" is required to establish a claim for conversion, and that under the Policy, policy owners do not have an immediate right of possession of their Account Values. Dkt. 185 at 4. But that case, *Voris v. Lampert*, 7 Cal. 5th 1141, 1144 (2019), was decided August 15, 2019, four days before this Court ruled on State Farm's motion for summary judgment on August 19, 2019. *See id.*;[2] Dkt. 177. State Farm also cites a case from the Central District of California on this point that issued less than three months later, on November 4, 2019. Dkt. 185 at 4 (citing *Brighton Trs. v. Transamerica Life Ins. Co.*, 2019 WL 5784925 (C.D. Cal. Nov. 4, 2019)). If State Farm believed these cases supported summary judgment in its favor on Plaintiff's conversion claim, it should have sought leave to file a motion for reconsideration on the ground that "a material difference in . . . law exists from that which was presented to the Court," or that the "emergence of . . . a change of law" occurred. *See* Civ. L.R. 7-9(b). State Farm did not avail itself of the proper procedure for seeking reconsideration on this question of law. And, because State Farm does not contend any new facts developed in discovery support summary judgment on this ground, it likewise fails to show good cause to file a second summary judgment motion on this issue. *See* Dkt. 185 (relying on *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2004) and *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) for the proposition that a second summary judgment motion is appropriate where *further factual development* would warrant it). State Farm's motion for leave to file a second motion for summary judgment on Plaintiff's conversion claim should thus be denied.

---

[2] State Farm's reliance on *Voris* is misplaced in any event. The California high court did not purport to change the standard for conversion, instead recognizing that either the "right of ownership *or* possession" supports a conversion claim under California law. *See* 7 Cal. 5th at 1150. The Court simply concluded that a claim for conversion of wages due could not stand, *id.* at 1156, a holding wholly inapposite to the facts here. Likewise, even if policy owners do not have an immediate right to possess money in their Account Values (a proposition rejected by the *Vogt* court, *see* 2018 WL 1747336, at *8 (W.D. Mo. Apr. 10, 2018), *aff'd*, 963 F.3d 753, 775 (8th Cir. 2020), the money that is the subject of Plaintiff's conversion claim was improperly *removed* from policy owners' Account Values. The Policy does not provide State Farm any authority to possess this improperly withdrawn money for *any* amount of time. Moreover, State Farm does not contend its "specific sum" argument is premised on any new legal authority. Instead, as shown in State Farm's opposition to Plaintiff's motion for partial summary judgment, this argument is not premised on new law. *See* Dkt. 170 at 31. In any event, Plaintiff has identified the specific sum State Farm converted both in the aggregate and for each member of the class individually. *See* Dkt. 173 at 18.

1    Serial efforts to relitigate settled issues are not in the best interests of justice, are contrary to this
2    Court's standing order, Fed. R. Civ. P. 1, and unreasonably multiplies the proceedings. For these reasons,
3    Plaintiff respectfully requests that State Farm's motion for leave to file a second summary judgment
4    motion on the issues of policy interpretation and conversion be denied.

5    Dated: February 8, 2021                **GIRARD SHARP LLP**

                                            By: /s/ *Daniel C. Girard*
                                                Daniel C. Girard (State Bar No. 114826)
                                                dgirard@girardsharp.com
                                                Jordan Elias (State Bar No. 228731)
                                                jelias@girardsharp.com
                                                601 California Street, Suite 1400
                                                San Francisco, California 94108
                                                Tel: 415-981-4800
                                                Fax:415-981-4846

                                                Norman E. Siegel (admitted *pro hac vice*)
                                                siegel@stuevesiegel.com
                                                Ethan M. Lange (admitted *pro hac vice*)
                                                lange@stuevesiegel.com
                                                Lindsay Todd Perkins (admitted *pro hac vice*)
                                                perkins@stuevesiegel.com
                                                **STUEVE SIEGEL HANSON LLP**
                                                460 Nichols Road, Suite 200
                                                Kansas City, Missouri 64112
                                                Tel: 816-714-7100
                                                Fax: 816-714-7101

                                                John J. Schirger (admitted *pro hac vice*)
                                                jschirger@millerschirger.com
                                                Matthew W. Lytle (admitted *pro hac vice*)
                                                mlytle@millerschirger.com
                                                Joseph M. Feierabend (admitted *pro hac vice*)
                                                jfeierabend@millerschirger.com
                                                **MILLER SCHIRGER, LLC**
                                                4520 Main Street, Suite 1570
                                                Kansas City, Missouri 64111
                                                Tel: 816-561-6500
                                                Fax: 816-561-6501

                                                *Attorneys for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered users.

<u>/s/ Daniel C. Girard</u><br>
Daniel C. Girard