IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH A. BALLY, | Case No. 18-cv-04954-CRB |
| Plaintiff, | |
| v. | **ORDER DENYING LEAVE FOR RECONSIDERATION** |
| STATE FARM LIFE INSURANCE COMPANY, | |
| Defendant. | |

On April 28, 2021, the Court issued its Order on Cross-Motions for Summary Judgement ("Order") (dkt. 222). In relevant part, the Order granted State Farm summary judgment with respect to the claim for breach of contract based on the Monthly COI Rates provision ("Count I claim"). On May 12, 2021, Plaintiff moved for leave to file a motion for reconsideration of the Court's ruling on the Count I claim. Motion for Reconsideration ("Motion") (dkt. 223). Because Plaintiff does not meet the standards for reconsideration set forth in Civil Local Rule 7-9(b), the Motion is DENIED.

## I. BACKGROUND

Plaintiff's Count I claim largely turns on the Monthly Cost of Insurance Rates provision. Order at 2. The Monthly Cost of Insurance Rates provision sets forth the three factors used to determine the cost of insurance charge. Id. at 3. These three factors are "the Insured's age on the policy anniversary, sex, and applicable rate class." Id. The policy defines "applicable rate class" as "[t]he underwriting class of the person insured." Id.

Plaintiff alleges that the Monthly Cost of Insurance Rate provision amounts to a

promise by State Farm that only mortality-related factors will be used to determine the cost of insurance charge. See Complaint (dkt. 1) ¶¶ 32–34. In Count I, Plaintiff alleges that State Farm breached this provision of the policy because it included non-mortality factors, such as taxes and profit, in the cost of insurance charge. Id. ¶ 37.

In granting State Farm summary judgment on Count I, the Court found that the "Monthly COI Rates provision is not a promise to policyholders about how State Farm will conduct its underlying rate-making process." Order at 13. Instead, the Monthly COI Rates provision only promises how State Farm will set the cost of insurance charge, namely based on "age on the policy anniversary, sex, and applicable rate class." Id.

The Court held that "applicable rate class" could not be reasonably read as making a promise to a policyholder that State Farm would only use mortality factors to set the cost of insurance charge. Id. at 13–15. Rather, because "rate class" is based on the "underwriting class of the person insured," a reasonable policy holder is put on notice that "rate class" relates to the underwriting process. Id. at 14–15. By pointing to a chart of maximum rates, the policy makes clear that, as part of the underwriting process, the insured is assigned to a rate class based on a schedule of previously established rates. Id.

The Court found that nothing in the policy refers to the process of developing these rate classes in the first instance. Indeed, the policy does not make any representations about the factors that State Farm used to develop the "applicable rate class" to which a given insured is assigned. Id. at 15 ("The provision makes no promises about how the 'applicable rate class' will be developed, and certainly never promises that those rates will only be developed using mortality factors."). As a result, the policy cannot be reasonably read as promising that the rates were developed based only on certain factors (i.e. mortality factors). Id.

Because the policy's text resolved the issue, the Court did not consider any extrinsic evidence, and it granted summary judgment to State Farm. See id. at 13–15. Plaintiff now seeks leave under Civil Local Rule 7-9(b)(3) to file a motion for reconsideration of the Court's ruling on the Count I claim. Motion at 1.

2

## II. LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Civil Local Rule 7-9(b)(3) requires a party seeking leave to file a motion for reconsideration to show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). The moving party may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c).

## III. ANALYSIS

Plaintiff seeks leave to file a motion for reconsideration of the Court's ruling on Count I on the grounds that "the Court's interpretation of the Policy's COI rates provision was premised on a 'manifest failure' to consider undisputed material facts that were presented to the Court in the parties' briefing." Motion at 1.

Many of Plaintiff's arguments fail because they rely on extrinsic evidence to argue about how the policy should be interpreted, but the Court's Count I ruling rested solely on the policy's text. To the extent that Plaintiff makes legal arguments, the Court previously rejected several of them and finds the remainder non-persuasive.

### A. Extrinsic Evidence

Plaintiff first argues that the Court failed to consider multiple forms of extrinsic evidence that purportedly show that "the insured's 'applicable rate class' is a mortality factor." See Motion at 2–4. The arguments based on extrinsic evidence are not persuasive because the Court's ruling on Count I rested solely on the plain text of the policy. Order at 11, fn. 7 ("The Court will not assess this [extrinsic] evidence with respect to the Monthly COI Rates previous because it need not—the text unambiguously supports State Farm's interpretation."). Plaintiff fails to show that based on the policy's text, "applicable rate class" is ambiguous such that the Court erred by declining to consider extrinsic evidence.

### B. Vogt Litigation

Plaintiff cites to the Vogt litigation as evidence that the phrase "applicable rate

class" is, at the very least, ambiguous. Motion at 4–5. But the Court previously found that the <u>Vogt</u> litigation is not persuasive on this point because "neither the district court nor the Eight Circuit in <u>Vogt</u> meaningfully considered the meaning of the phrase 'applicable rate class.'" Order at 9. None of Plaintiff's arguments here disturb this conclusion.

### C. Legal Arguments

Plaintiff makes multiple legal arguments about why her interpretation of the policy is reasonable. Motion at 4–7. As an initial point, these arguments are premised on using extrinsic evidence to conclude that "applicable rate class" is ambiguous. <u>See</u> <u>id.</u> at 5. As discussed above, however, Plaintiff has not shown that the Court erred in declining to consider extrinsic evidence. The legal arguments fail for this reason alone.

The legal arguments also fail to provide grounds for reconsideration because they were either previously rejected or are not persuasive. For example, Plaintiff argues that the phrase "for projected changes in mortality" shows that "applicable rate class" refers only to mortality factors. Motion at 5–6. But the Court previously rejected this same argument: "Were this the only sentence before the Court, Bally's interpretation might be reasonable. But Bally's focus on the phrase 'adjusted for projected changes in mortality' ignores the larger context of the Policy." Order at 15.

Plaintiff also argues that the Court erred by placing too much weight on the policy's definition of "rate class." Motion at 4–5. Specifically, Plaintiff argues that defining "rate class" as "[t]he underwriting class of the person insured" does not "convey that State Farm was including expenses and profits in determining the COI rates." <u>Id.</u> at 4. This misstates the Order. What the Order explains is that the policy makes clear that an insured must go through an underwriting process to be assigned a rate class and that that rate class is based on pre-existing rate classes. Order at 13–14. The Order explains that the policy does not make any representations about how State Farm developed the rate class to which a given insured is assigned. <u>Id.</u> Thus, the policy cannot be reasonably read as promising that only mortality factors were used to develop the rate classes.

Plaintiff's remaining legal arguments fail for this same reason. Motion at 5–7.

4

Plaintiff makes multiple arguments about why her interpretation of "applicable rate class" is reasonable, but none of these arguments overcome the fact that nothing in the text of the policy makes a promise about how the "applicable rate classes" were developed. See Order at 15 ("The provision makes no promises about how the 'applicable rate class' will be developed, and certainly never promises that those rates will only be developed using mortality factors."). Plaintiff thus fails to show that, based on the text of the policy, a reasonable policyholder could understand "applicable rate class" to be a promise that State Farm used only mortality factors to set the cost of insurance charge.

## IV.  CONCLUSION

Because Plaintiff has not shown that the Court's ruling on the Count I claim rests on a "manifest failure" to "consider material facts or dispositive legal arguments," the Motion is DENIED. Civ. L.R. 7-9(b)(3).

**IT IS SO ORDERED.**

Dated: June 1, 2021

CHARLES R. BREYER
United States District Judge