IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH A. BALLY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 18-cv-04954-CRB<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE A CROSS-MOTION FOR SUMMARY JUDGMENT ON COUNT TWO** |

On April 28, 2021, the Court issued its Order on Cross-Motions for Summary Judgment ("Order") (dkt. 222). In relevant part, the Order denied State Farm summary judgment with respect to the claim for breach of contract based on the monthly expense provision ("Count II"). Order at 20. Plaintiff did not move for summary judgment on Count II. The Court subsequently granted Plaintiff leave to move for summary judgment on Count II, and Plaintiff moved for summary judgment on Count II on June 30, 2021. Motion for Partial Summary Judgment (dkt. 237). On July 27, 2021, State Farm filed a motion for leave to file a cross-motion for summary judgment on Count II. Motion for Leave ("Motion") (dkt. 239). Because State Farm has not shown good cause for leave to file a second summary judgment motion on Count II, the Motion is DENIED.

**I.   BACKGROUND**

Plaintiff's Count II claim centers on the monthly expense charge provision, which states that "[t]he monthly expense charge is $5.00." Order at 15–16. Plaintiff alleges that a reasonable consumer would have understood this provision to promise that the total of all

1   fixed monthly expenses under the policy would not exceed $5.00. Id. at 16. Plaintiff
2   contends that State Farm breached this promise by charging policyholders additional,
3   unidentified monthly expenses in connection with the cost of insurance rate. Id. at 15.
4       In denying State Farm summary judgment on Count II, the Court found that based
5   on the plain language of the policy, a policyholder could reasonably understand "monthly
6   expense charge" to cover all monthly expenses. Id. at 16–17. The Court further found that
7   the context of the policy supported this interpretation because the policy includes separate
8   and additional charges that a reasonable policyholder could conclude enabled State Farm
9   not only to recover the cost of offering the policy but to make a profit from the policy as
10  well. Id. at 17–18.
11      In response, State Farm argued that the monthly expense charge identified certain
12  expenses but did not preclude the collection of additional expenses elsewhere. Id. at 18.
13  Although the Court noted that Plaintiff's interpretation was "possibly the only reasonable
14  reading," it assumed for the sake of argument that State Farm's interpretation was also
15  reasonable and it considered extrinsic evidence. Id.
16      The extrinsic evidence did not help State Farm. Rather, the extrinsic evidence
17  suggested that many consumers were not informed about the nature of the expenses
18  charged under the policy. Id. at 19. The Court found that the extrinsic evidence was
19  lacking in other ways as well. For example, it was limited to certain regions although the
20  policy is national, and it went to the subjective understanding of certain consumers rather
21  than the objective understanding of a reasonable policyholder. Id. at 19–20. Based on the
22  extrinsic evidence, the Court found "the 'monthly expense charge' is at best ambiguous"
23  and denied State Farm's motion for summary judgment on Count II. Id. at 20.
24      State Farm now seeks leave to file a second motion for summary judgment on
25  Count II.

## II. LEGAL STANDARD

"[D]istrict courts have discretion to entertain successive motions for summary judgment." Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010). To determine

1  whether good cause exists to allow successive motions for summary judgment, courts
2  consider factors such as the "availability of new evidence or an expanded factual record,"
3  "an intervening change in controlling law," or "the need to correct a clear error or prevent
4  manifest injustice." Peasley v. Spearman, No. 15-CV-01769-LHK, 2017 WL 5451709, at
5  *3 (N.D. Cal. Nov. 14, 2017) (citations and internal quotations omitted).

### III.  ANALYSIS

State Farm fails to establish good cause for leave to file a second motion for summary judgment on Count II. It does not identify any newly available evidence, changes in law, clear errors, or similar developments that would warrant a renewed motion on Count II. While State Farm promises that it will offer new "fact evidence" regarding Count II, it provides no detail on the nature of the evidence or why such evidence could not have been presented in its previous motion for summary judgment on Count II. See Motion at 2. State Farm repeatedly points out that Plaintiff has submitted a supplemental expert report, but it does not explain how that report has any bearing on how a reasonable policyholder would interpret the monthly expense charge.[1] See id. at 2–3. Finally, while State Farm states that it will present "significant analysis of the $5.00 monthly expense charge," it does not elaborate on the analysis in any detail or explain why the analysis could not have been offered in its earlier briefing. Id.

The Court expects State Farm will make its arguments regarding Count II in its opposition to Plaintiff's motion for summary judgement. But State Farm fails to establish that the evidence and arguments could not have been previously raised, and State Farm is not entitled to a second bite at the apple.

### IV.  CONCLUSION

The Court DENIES State Farm's motion for leave to file a cross-motion for summary judgment on Count II. The Court also DENIES State Farm's motion for leave to

---

[1] To the extent that State Farm believes Plaintiff's supplemental expert report is subject to challenge, State Farm can make those arguments in its Daubert motion. See Briefing Schedule for Supplemental Expert Disclosures (dkt. 235).

3

file a reply in response to Plaintiff's opposition to State Farm's motion for leave.

**IT IS SO ORDERED.**

Dated: August 10, 2021



CHARLES R. BREYER
United States District Judge