IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH A. BALLY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 18-cv-04954-CRB<br><br>**ORDER GRANTING BALLY SUMMARY JUDGMENT ON COUNT II AND COUNT IV**<br><br>Re: Dkt. No. 237 |

In August 2018, Elizabeth Bally filed suit against State Farm Life Insurance Company ("State Farm") on behalf of a class of policyholders. See Complaint (dkt. 1). Bally alleged that State Farm breached various provisions of its Form 94030 life insurance policy (the "policy"). Id. The complaint set forth four counts for relief. Id. The Court has already ruled on two rounds of summary judgment briefing, and it has granted State Farm summary judgment on Bally's Count I and Count III claims. See Order on Cross-Motions for Summary Judgment ("MSJ Order II") (dkt. 222). Count II is the primary remaining claim.[1]

In its most recent summary judgment order, the Court denied State Farm's motion for summary judgment on Count II. MSJ Order II at 20. Bally did not move for summary judgment on Count II, and per the Court's direction, the parties negotiated a schedule for Bally to move for summary judgment on Count II and to provide in support of the motion

---

[1] Count IV is a claim for declaratory relief that is derivative of the Count II claim. See Complaint ¶¶ 78–82.

1    a supplemental damages model supporting recovery for the class under Bally's Count II
2    theory of liability.  <u>See generally</u> Order Setting Schedule for Briefing Motion for Summary
3    Judgment and Supplemental Expert Disclosures (dkt. 235).  Bally's motion for summary
4    judgment on Counts II and IV is now before the Court.  Motion for Partial Summary
5    Judgment on Counts II and IV ("MSJ") (dkt. 237).  For the reasons discussed below, the
6    Court grants the motion.

**I.     BACKGROUND**

The issues in this case have been significantly narrowed and now center on the expense charges included in the policy's monthly deductions.  <u>See generally</u> MSJ Order II. The main remaining issue is whether a reasonable policyholder would understand the policy as promising that the expenses charges included in the monthly deduction are no more than five dollars per month.  <u>See id.</u>

Under the policy, policyholders pay premiums that are deposited into an interest-bearing account ("Account Value").  MSJ Order II at 2.  On a monthly basis, State Farm makes a deduction from the Account Value (the "monthly deduction").  <u>See</u> Policy (dkt. 237–4) at 9.  The text of the policy explains that the monthly deduction consists of three components: (1) the cost of insurance, (2) the monthly charges for any riders, and (3) the monthly expense charge.  <u>See id.</u>  The policy states that "[t]he monthly expense charge is $5.00."  Policy at 3.  Bally argues that this provision amounts to a promise that as part of the monthly deduction, State Farm will deduct no more than five dollars to cover expenses related to offering the policy.  <u>See</u> MSJ Order II at 16.  Bally contends that State Farm breached this promise because it also included charges related to expense recovery in the cost of insurance rates.  <u>Id.</u>

The cost of insurance rate is a separate component of the monthly deduction.  <u>See</u> Policy at 9.  The policy explains that the cost of insurance consists of rates for each policy year that are "based on the Insured's age on the policy anniversary, sex, and applicable rate class."  <u>Id.</u> at 10.  In connection with the prior motion for summary judgment, State Farm introduced evidence showing that the "applicable rate classes" were developed before the

1  policy was offered to consumers. MSJ Order II at 11, n. 7. Among other factors included
2  in the applicable rate classes are charges related to expense recovery. In other words, in
3  addition to assessing a five-dollar charge as part of the monthly deduction, State Farm also
4  recovered for expenses through the cost of insurance charge.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). A genuine issue of fact is one that could reasonably be resolved in favor of either party. See Celotex, 477 U.S. at 322–23. A dispute is "material" only if it could affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

"A moving party without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000) (citing 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2727 (3d ed. 1998)). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. (citing High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything." Id. at 1103 (internal citation omitted). If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense. See id. If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment. See id. But if

the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion.  See id.

### III. DISCUSSION

The Court previously denied State Farm summary judgment on Count II.  MSJ Order II at 15–20.  In that ruling, the Court analyzed both the text of the policy and extrinsic evidence.  Id.  With respect to the text, the Court found that nothing in the text of the policy clarifies whether the term "monthly expense charge" refers to "a cap on all monthly expenses" or "merely a demarcated charge for some expenses."  Id. at 16–17.  Analyzing the provision in the context of the policy, the Court found that a reasonable policyholder could conclude that "[t]he monthly expense charge is $5.00" means "that policyholders will not be charged any more than five dollars a month in expenses."  Id. at 18.  Indeed, the Court found that this interpretation was not only "entirely reasonable," but "possibly the only reasonable reading."  Id.

For the sake of argument, the Court assumed that the policy was ambiguous and next considered the extrinsic evidence offered by State Farm.  Id. at 18–20.  The Court found that the extrinsic evidence did not resolve the ambiguity in State Farm's favor for several reasons, including that it showed that many consumers were not informed of the nature of the expense charge, that it was limited to certain regions of the state, and that it went to the subjective understanding of certain consumers rather than the objective understanding of a reasonable policyholder.  Id.  Accordingly, the Court found that the term was "at best" ambiguous and that ambiguous terms in insurance contracts must be construed against the insurer.  Id. at 20 (citing California Pac. Homes, Inc., 70 Cal. App. 4th at 1192).

Against this backdrop, Bally now moves for summary judgment on Count II and State Farm opposes the motion.[2]  The Court applies the same interpretative rules set forth

---

[2] Bally argues that State Farm waived its right to make many (if not all) of the arguments that it makes in its opposition to Bally's motion for summary judgment by not making the arguments in prior rounds of summary judgment briefing.  See Reply (dkt. 261) at 1–3.  The Court rejects the argument.  Bally was granted leave to file a motion for summary judgment and State Farm was

4

its prior order.  See MSJ Order II at 10–11.

### A. Count II Claims

The policy states "[t]he monthly expense charge is $5.00," and Bally alleges that a reasonable policyholder would thus understand the policy to mean that, in connection with the monthly deduction, State Farm would only deduct five dollars per month from the Account Values for purposes of covering expenses.  MSJ at 6–9.  Bally alleges that State Farm breached the policy by charging policyholders for additional expenses in connection with the cost of insurance rate.  Id.  State Farm contends that both the text of the policy and extrinsic evidence make clear that it is not reasonable to read the "monthly expense charge" provision as prohibiting the inclusion of expenses in other charges.  Opp. at 12–24.

Interpretation begins with the text.  See MSJ Order II at 10–11.  The Court previously found that the policy text was at best ambiguous, see id. at 18, and Bally's motion for summary judgment largely regurgitates the Court's prior analysis of the policy.  See MSJ at 6–9.  State Farm, on the other hand, makes several text-based arguments about why Bally's reading of the clause is unreasonable and why the policy is, at the very least, ambiguous.  Opp. at 12–24.  State Farm's arguments fail to persuade.

State Farm argues that the cost of insurance rates were developed before the policy was offered to consumers and that nothing in the policy prohibits State Farm from including expense loads in developing the cost of insurance rates.  See  Opp. at 13–14 & 16–17.  These arguments miss the mark.  As the Court previously explained, the monthly expense clause could be reasonably understood as conveying that the only part of the monthly deduction that went to covering State Farm's expenses was the five-dollar monthly expense charge.  See MSJ Order II at 16–18.  While nothing "prohibits" State Farm from also including loads for expenses in the cost of insurance charge, the text of the policy does not make clear that expenses were among the factors used to develop the cost

---

entitled to oppose that motion in full.

1  of insurance rates.  In other words, the argument does not relate to how a reasonable
2  policyholder would read the policy.
3        State Farm also argues that "cost" is synonymous with "expense" such that the
4  "cost of insurance" charge should be understood as including expenses.  Opp. at 2 & 15–
5  17.  Although "cost" and "expense" may in some contexts be used interchangeably, a
6  reasonable policyholder could interpret the use of two different words here to mean that
7  the terms, in the context of the policy, have two different meanings.  Indeed, the policy
8  states that "the cost of insurance charge" is "based on the Insured's age on the policy
9  anniversary, sex, and applicable rate class."  See Policy at 10.  No part of this list of
10 components of the cost of insurance charge suggests that it includes expenses among the
11 factors used to determine the applicable rate classes.  Accordingly, State Farm fails to
12 establish that, based on the text of the policy, it is reasonable to treat the words "cost" and
13 "expense" as synonymous.  See MSJ Order II at 17 ("Words matter, and State Farm is the
14 party that chose the words.").
15       State Farm also points out that in some places, the policy uses explicit limiting
16 language to identify a floor or ceiling being placed on part of the policy.  See Opp. at 13–
17 14 & 15–16.  And it argues that the explicit caps placed on certain aspects of the policy
18 make it unreasonable to read a provision like the monthly expense charge, which does not
19 have an explicit cap, as imposing a cap.  Id.  But the limiting caps that State Farm points to
20 involve variable rates, charges, or account values, and the policy is setting floors or
21 ceilings for those rates, charges, and account values.  See Policy at 4 (setting forth a table
22 of the "Maximum Monthly Cost of Insurance Rates"); id. at 10 ("[a]n interest rate of at
23 least 4% a year will be applied to the account value"); id. at 3 ("the Basic Amount cannot
24 be less than $50,000").  In contrast to those variable components of the policy, the policy
25 states that the "monthly expense charge is $5.00."  Id. at 3.  In the context of the policy, the
26 only reasonable interpretation of this provision is as setting a fixed amount for monthly
27 expenses—that is, that the monthly deduction imposes a flat charge of five dollars a month
28

1    to account for expenses related to offering the policy.[3]  This flat amount meaningfully

2    differs from the variable charge and rates set forth in other parts of the policy.

3          Finally, State Farms cites several out-of-circuit cases to support its interpretation of

4    the contract.  Opp. at 17–18.  The cases are not persuasive as to how the policy should be

5    interpreted.  None of the cases are binding authority, none apply California law, and none

6    involve the same policy at issue here.  See Norem v. Lincoln Ben. Life Co., 737 F.3d 1145,

7    1148 (7th Cir. 2013) (applying Illinois law to "[t]he sole issue on appeal [which] is

8    whether the policy allows Lincoln Benefit to include factors beyond an insured's sex, issue

9    age, policy year, and payment class when it calculates COI rates"); *Mai Nhia Thao v.*

10   *Midland Nat. Life Ins. Co.*, No. 09-C-1158, 2013 WL 119871, at *2 (E.D. Wis. Jan. 9,

11   2013) (applying Wisconsin law to a policy offered by Midland National with materially

12   different terms); *Maxon v. Sentry Life Ins. Co.*, No. 18-CV-254-JDP, 2019 WL 4540057, at

13   *1 (W.D. Wis. Sept. 19, 2019) (applying Wisconsin law to a policy offered by Sentry Life

14   Insurance Co. with materially different terms); Nichols v. John Hancock Life Ins. Co., No.

15   2:09-CV-00840-LSC, 2009 WL 3019785, at *3 (N.D. Ala. Sept. 22, 2009) (applying

16   Tennessee law in the context of a motion to dismiss a contract with materially different

17   terms).  Given the extensive focus on the specific language at issue in this policy, out-of-

18   circuit cases involving different insurance policies are of little help to State Farm.

19         The Court thus finds that Bally's interpretation of the monthly expense charge is the

20   only reasonable reading of the policy text.[4]  Accordingly, a reasonable policyholder would

21   understand the policy as promising that expenses included in the monthly deduction are

22   five dollars per month, and State Farm breached this promise by including additional

---

[3] For this reason, State Farm's arguments that Bally is attempting to force an "implied promise" on the contract or that the promise is too vague fail.  Opp. at 14–15.  In contrast to the cases that State Farm cites, Bally is not attempting to read a term into the contract that does not appear in the contract's text.  To the contrary, the reasonable interpretation of "[t]he monthly expense charge is $5.00" is that the monthly charge for expenses is five dollars.

[4] Even assuming that the text of the policy was ambiguous, the extrinsic evidence that State Farm offers does not help it.  See Opp. 19–21.  The best that the extrinsic evidence could establish is that the policy is ambiguous, and in that case, the Court is to construe the policy in favor of the insured.  See MSJ Order II at 20 (citing California Pac. Homes, Inc., 70 Cal. App. 4th at 1192).

expense loads in the cost of insurance rate.

### B.     Count II Damages Model

In connection with the Count II summary judgment motion, the Court ordered Bally to submit an accompanying damages model for Bally's Count II theory of liability. MSJ Order II at 27.  In compliance with this order, Bally submitted the supplemental report of her damages expert Scott Witt, which offers two theories of damages recovery.  See Witt Expert Report II (dkt. 263–3).  The first damages model treats as damages any loads in the cost of insurance rate in excess of the portion attributable mortality factors.  Bally may not offer this damages model at trial.  The Count II theory of breach centers on charges in the monthly deduction that relate to expenses, and there are loads for other charges unrelated to mortality factors and expenses included in the cost of insurance rate.  The first damages model would treat these charges as damages, even though they do not relate to expense recovery.  Given the disconnect between Bally's theory of liability and the damages that would be recovered under this model, Bally may not present this damages model to the jury.  See Comcast Corp. v. Behrend, 569 U.S. 27, 35 (2013) ("a plaintiff's damages case must be consistent with its liability case") (citation and internal quotation omitted).

The second damages model is appropriately tailored to the Count II theory of liability.  In the second damages model, Witt offers a methodology for identifying the portions of the cost of insurance rate attributable to expense recovery.  This model is appropriately tailored to Count II, and it may be offered at trial.[5]

State Farm's remaining challenges to Bally's Count II damages model fail.  See Opp. at 24–25.  State Farm argues that if the revenue generated by the five-dollar monthly expense charge and the 5% premium expense charge are considered together, then Bally has no damages because the two charges "covered all of State Farm's assumed expenses

---

[5] State Farm argues that Bally has not come forward with a "definite, supportable theory of what is or is not an expense covered by the fixed monthly expense charge." See Opp. at 22–23.  To the contrary, Bally has articulated a theory of breach under Count II and provided a model for recovering damages under her Count II theory.  And State Farm does not contend that the cost of insurance rates did not include loads for expense recovery.

8

considered in the ratemaking process." Id. at 24. The argument appears to misunderstand Bally's theory of the case. The Count II theory focuses on the monthly deduction, and the 5% premium expense charge is not part of the monthly deduction. The injury that policyholders suffered under the Count II theory stems from the additional expense loads included in the cost of insurance rates. State Farm also challenges certain aspects of Witt's methodology, see id. at 25, but these arguments are more properly raised in a Daubert motion and provide no basis for denying Bally summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Bally's motion for summary judgment on Counts II and IV. The question of damages is to be resolved by trial.

**IT IS SO ORDERED.**

Dated: February 24, 2022

CHARLES R. BREYER
United States District Judge